BUENAVENTURA ESTEVES, Appellant, *v.* REGISTRAR OF AGUADILLA, Respondent.

No. 660. Submitted November 13, 1926.—Decided November 23, 1926.

The appellant and the respondent presented briefs.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Buenaventura Esteves instituted proceedings in the dis-

trict court of Aguadilla to establish the ownership of two pieces of rural property, one of sixteen acres and another cf two acres. He also moved the court in the same proceedings for an order to cancel the record of possession of said properties in the registry. After all of the legal formalities had been complied with the court, in a decision of the 22nd of September last, decreed the ownership and ordered the cancellation sought.

Esteves presented the order in the registry and the registrar recorded the same in regard to the sixteen acres, but refused to cancel the record of possession and therefore to record the ownership of the two-acre property, because, in his opinion, the proper legal procedure had not been followed in the prosecution of the case. From said ruling Esteves brought the present administrative appeal.

From the registry it appears that the record of possession of the two-acre property was made in favor of Víctor P. Martínez, married to Milagros de los Ríos y Avila who died afterwards. From the record of the case it appears that appellant Esteves acquired the property from a certain person who in turn acquired it in execution of a judgment rendered against Víctor P. Martínez. In connection with the cancellation it appears from the record of the case that "the former owners appearing in person were personally summoned and the heirs or assigns of the former deceased or absent owners were summoned by publication. . . . ," and the registrar alleges that this is not sufficient because the record does not show that the property is recorded in favor of Víctor P. Martínez, married to Milagros de los Ríos y Avila, nor that the latter is dead, "and therefore it can not be said that the assigns of the deceased had been summoned."

In the case of *López* v. *Registrar*, 34 P.R.R. 30, this court said:

"In the *Wiscovich Case*, *supra*, the possessory title proceeding

was instituted for the reason that the property was recorded in the name of another person and it was sought to establish the fact of possession and at the same time to follow the procedure established by article 393 of the Mortgage Law in case there is an entry contradictory to the record requested, that is, by summoning and hearing the person in whose name the property is recorded; and this court approved the action taken by Wiscovich, although it upheld the refusal to record on the ground that in order to record another possession notwithstanding the previous contradictory record it was necessary that the consent of the person in whose name the entry had been made should appear with absolute certainty or that such person was duly summoned, facts which were not shown in that case.''

Was it sufficient to summon Víctor P. Martínez as alleged by appellant? If his wife had not died that summons would have been sufficient, but after her demise to summon him is not sufficient. On the dissolution of the marriage by the death of his wife, Víctor P. Martínez was presumed to be the owner of only half of the property, the other half becoming the property of his wife's heirs.

Is the general summons referred to in the record of the case sufficient? We think not. The jurisprudence of this court has tended to facilitate the cancellation of contradictory entries, but that can not be carried to the extent of permitting that the summons or notice be made in such a manner as to imply that a real opportunity was given to the party whose right is recorded in the registry to oppose said cancellation.

The register showed that the wife was dead and therefore that her heirs were the owners of her share. If said heirs were not known and could not be summoned personally, that fact should have been set forth in the record of the proceeding so as to allow the court to make the summons by publication.

The decision appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.